## DUNN v. TREFRY.

(Circuit Court of Appeals, First Circuit. May 26, 1919.)

No. 1410.

1. APPEAL AND ERROR ⬤⟳931(1)—REVIEW—FINDINGS OF FACT.

Where there is no conflict of evidence, and a finding by the District Court is a conclusion from admitted facts, there is no presumption in favor of its correctness in the appellate court.

2. DOMICILE ⬤⟳4(2)—DOMICILE OF ORIGIN—CHANGE—INTENT.

Where complainant's domicile of origin was in Newport, R. I., where she and her ancestors had lived for two or more generations, where she owns a house and has always claimed her residence, and where she and her husband paid personal taxes and her husband was buried and his will probated, the fact that she also acquired residences in New Hampshire and Massachusetts, in each of which she lived for portions of each year, the remainder of the time in Newport, held not sufficient to establish a change of domicile to Massachusetts.

Appeal from the District Court of the United States for the District of Massachusetts; George W. Anderson, Judge.

Suit in equity by Kate H. Dunn against William D. T. Trefry. Decree for defendant, and complainant appeals. Reversed.

Alexander Lincoln, of Boston, Mass. (Whipple, Sears & Ogden, of Boston, Mass., on the brief), for appellant.

Wm. Harold Hitchcock, Asst. Atty. Gen. (Henry C. Attwill, Atty. Gen., on the brief), for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and MORTON, District Judge.

BINGHAM, Circuit Judge. This is a bill in equity to restrain the tax commissioner of Massachusetts from assessing taxes upon the appellant for the years 1917 and 1918 under the Massachusetts Income Tax Law. St. 1916, c. 269.

In the petition it is alleged that the appellant is a resident of the city of Newport and state of Rhode Island, and a citizen of that state; that the defendant is a resident of the city of Boston, in the state of Massachusetts, and a citizen of Massachusetts; and that the matter in controversy exceeds, exclusive of interest and costs, the sum of $3,-

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

000. No question is raised as to the jurisdiction of the court. Relief is sought on the ground that the appellant was not an inhabitant of Massachusetts during the years in question, but was domiciled in Rhode Island, and therefore it was not within the power of Massachusetts to impose a tax upon her.

In the District Court it was found and ruled that the appellant was domiciled in Boston during the years in question, and a decree was entered dismissing the bill. It is from this decree that the appeal is taken, and the sole question is whether the evidence warrants the finding that the appellant was domiciled in Massachusetts in 1917 and 1918.

The evidence consists of the testimony of the appellant and her daughter, and two statements relating to her domicile which she had filed with the defendant. There is no conflict of evidence. The single question is what inference should be drawn from the facts shown by the evidence as to the appellant's domicile.

[1] We recognize the rule that, where there is a conflict of testimony and the credibility of witnesses is involved, the finding of the District Court is not to be disturbed, unless it is clearly wrong. But where, as here, these circumstances are not present, and the finding is a conclusion from admitted facts, we do not think the rule applies.

[2] The evidence shows that the appellant's domicile of origin was Newport, R. I., she spent her childhood days there, and on being married in 1873 went with her husband to live at 20 Kay street in that city. Shortly after her marriage she became the owner of one-third of that property; the other two-thirds being then owned by her two sisters, Anna and Mary, and later by Anna alone. This was her father's homestead, and the appellant and her sister still own and occupy the property. In 1890 she began spending her summers with her husband and family at Holderness, N. H., where she built a house, which she owns and has occupied for about four months in the summer of each year. The winter of 1912 to 1913 the appellant spent in Boston with her hsuband, and in June, 1913, she purchased a house at 178 Marlborough street, which she and her husband occupied for five or six months each winter down to May 24, 1916, when he died.

It thus appears that the appellant has three residences, one in Newport, R. I., one in Holderness, N. H., and one in Boston, Mass. Since 1912 she has spent, substantially every year, five or six months in the winter in Boston, about four months in the summer at Holderness, and from two to three months in the spring and autumn at Newport. She owns furniture and clothing in each of the three places. The family portraits which she owns she keeps in the Newport house. Her family and her husband's family have lived for two generations or more in Rhode Island. Her husband was a registered voter of Newport, and paid his personal taxes, state and federal, in that city down to the time of his death; he always described himself as of Newport; always kept his principal bank account at the Newport Trust Company, and most of his securities there. He was buried in Newport; his will was probated there, and an inheritance tax on his estate was paid in Rhode Island. No claim was made by the defendant that he was a resident of Massachusetts when he died. The appellant has paid her per-

sonal taxes in Newport since 1873; she has always described herself as of Newport, and she has always kept her principal bank account and her securities in the Newport Trust Company. Her business letters are addressed to her at Newport, and forwarded from there to her; she is a member of a church in Newport, but not in Boston. She is very much attached to her Newport home, and never desired to change her Newport domicile, and had no idea she might have done so until she was called upon by the defendant to file a tax return. Her future intentions, as disclosed by the evidence, are to continue as heretofore to spend her winters in Boston, her summers in Holderness, and the spring and autumn in Newport.

The appellant's domicile in Newport is presumed to continue there until it is shown to have been changed, and the burden of overcoming this presumption rests upon the defendant. Mitchell v. United States, 21 Wall. 350. This we think has not been done. On the contrary, the evidence shows that the appellant never has intended to abandon her domicile in Rhode Island. Her residence in Massachusetts has not differed from her residence in New Hampshire, and it is not fair to say that she has intended to make either place her domicile. It is true that her eldest son and daughter are living in Boston, and it is congenial for her to be with them there during the winter months; but to find that she has ever renounced her Rhode Island domicile and intended to acquire one in Massachusetts is not justified by the evidence. The facts as to her mode of living do not outweigh her expressed intent to retain her Rhode Island domicile.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the appellant.