### LONG v. NORMAN et al.

(Circuit Court of Appeals, First Circuit. May 15, 1923.)

No. 1627.

**1. Taxation ⬉608(2)—Injunction not authorized on sole ground of illegality of tax.**

The collection of taxes under state authority will not be enjoined by a court of the United States on the sole ground that the tax is illegal, but it must appear that the party taxed has no adequate remedy by the ordinary process of the law, and that there are special circumstances bringing the case under some recognized head of equity jurisdiction.

**2. Taxation ⬉608(9)—Remedy provided by Massachusetts tax laws held adequate to remedy illegal assessment, and equity without jurisdiction at suit of nonresident to restrain illegal assessment.**

Under the common law as regulated by G. L. Mass. c. 60, § 98, a plain, adequate, and complete remedy at law is provided against illegal taxation, and equity has no jurisdiction at the suit of a person domiciled without the state to restrain the enforcement of an illegal assessment against his property.

**3. Taxation ⬤⟶611(8)—Dismissal of injunction suit without prejudice to enable plaintiff to sue at law to test validity of tax.**

A suit for injunction to restrain the illegal assessment by state authorities of property of a person claiming domicile without the state, though dismissed for want of equity jurisdiction because of the adequate remedy at law provided by G. L. Mass. c. 60, § 98, chapter 62, § 59, will be dismissed without prejudice, to enable the plaintiff to make payment under protest of the tax to the commissioner, and to permit him to bring an action at law to contest the validity of the tax.

Appeal from the District Court of the United States for the District of Massachusetts; George W. Anderson, Judge.

Suit in equity by Bradford Norman and others, trustees, against Henry F. Long, Commissioner of Corporations, to restrain the enforcement of a state income tax. Decree for complainants, and defendant appeals. Reversed and remanded, with directions to dismiss.

Alexander Lincoln, Asst. Atty. Gen. of Massachusetts (Jay R. Benton, Atty. Gen. of Massachusetts, on the brief), for appellant.

Walter A. Dane, of Boston, Mass. (Abbott, Nay, Dane & Buffum, of Boston, Mass., on the brief), for appellees.

Before BINGHAM and JOHNSON, Circuit Judges, and BREWSTER, District Judge.

BINGHAM, J. This is an appeal from a decree of the District Court of Massachusetts in favor of the plaintiffs, appellees, in a suit in equity brought to restrain the defendant, the tax commissioner of Massachusetts, from assessing and collecting from the plaintiffs income taxes for the years 1918, 1919, etc., under the Massachusetts Income Tax Law. Gen. Laws Mass. 1921, c. 62, § 10.

In the bill of complaint it is alleged that the defendant, appellant, assessed a tax against the plaintiffs, as trustees of their father's estate, on account of income received by them during the year 1918, and has demanded payment therefor, and that he intends to assess and collect such a tax for subsequent years; that they are inhabitants of Newport, R. I., not of Massachusetts, and are not subject to be assessed for the taxes in question.

By motion to dismiss, renewed in its answer, the defendant questioned the jurisdiction of the court, as a court of equity, to entertain the bill, on the ground that the plaintiffs had a plain, adequate, and complete remedy at law.

In the District Court the motion to dismiss was denied; the case was heard upon its merits, and a decree was entered enjoining the defendant, on the ground that Maxwell Norman, one of the plaintiffs, as well as Bradford Norman, was a citizen of Rhode Island, and that the tax assessed was illegal.

Section 267 of the Judicial Code (Rev. Stat. § 723 [Comp. St. § 1244]) provides as follows:

"Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law."

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The rule of the federal courts, as applied in cases of this character, and as stated in numerous decisions of the Supreme Court, is that:

"The collection of taxes under state authority will not be enjoined by a court of the United States on the sole ground that the tax is illegal, but it must appear that the party taxed has no adequate remedy by the ordinary processes of the law, and that there are special circumstances bringing the case within some recognized head of equity jurisdiction." Arkansas Building Association v. Madden, 175 U. S. 269, 272, 20 Sup. Ct. 119, 120 (44 L. Ed. 159); Pittsburgh, etc., Railway v. Board of Public Works, 172 U. S. 32, 37, 19 Sup. Ct. 90, 43 L. Ed. 354; Shelton v. Platt, 139 U. S. 591, 11 Sup. Ct. 646, 35 L. Ed. 273; Dows v. Chicago, 11 Wall. 108, 112, 20 L. Ed. 65; Indiana Manufacturing Co. v. Koehne, 188 U. S. 681, 23 Sup. Ct. 452, 47 L. Ed. 651; Singer Sewing Machine Co. v. Benedict, 229 U. S. 481, 33 Sup. Ct. 942, 57 L. Ed. 1288; Keokuk Bridge Co. v. Salm, 258 U. S. 122, 42 Sup. Ct. 207, 66 L. Ed. 496; Bailey v. George, 259 U. S. 16, 42 Sup. Ct. 419, 66 L. Ed. 816.

The first question, therefore, is whether the plaintiffs have a remedy at law as complete, practicable, and efficient as the remedy in equity, for the determination of their rights.

From an early day a statute of Massachusetts has recognized the existence of a right and a remedy at law for the recovery of a tax paid under duress or protest. It is found in chapter 60, § 98, of the General Laws of Massachusetts of 1921, and is as follows:

"Sec. 98. No action to recover back a tax shall be maintained, * * * unless commenced within three months after payment of the tax, nor unless such tax is paid either after an arrest of the person paying it, a levy on his goods, a notice of a sale of his land, a written protest signed by him. * * * In an action founded on an error or irregularity in the assessment or apportionment of a tax, only the amount in excess of the tax for which the plaintiff was liable shall be recoverable; and no sale, contract or levy shall be avoided solely by reason of such error or irregularity."

[2] This statute was undoubtedly enacted in recognition of the right and the remedy afforded by the common law to recover back taxes paid under duress or protest. Boston & Sandwich Glass Co. v. Boston, 4 Metc. (Mass.) 181, 189. The statute limited the right by requiring the protest to be made in writing and signed by the party making it, and that suit be brought within three months after payment of the tax. Wheatland v. Boston, 202 Mass. 258, 88 N. E. 769. The remedy of the common law is an action of contract. McGee v. Salem, 149 Mass. 238, 242, 21 N. E. 386; Wheatland v. Boston, 202 Mass. 258, 88 N. E. 769. And the Supreme Court of Massachusetts has held that this legal remedy is plain, adequate, and complete, and denied jurisdiction in equity to restrain the collection of a tax. Loud v. Charlestown, 99 Mass. 208. The remedy thus afforded was available to the plaintiffs in this case, unless they were deprived of its benefits by some provision contained in chapter 62, under which the tax in question was assessed.

In chapter 62, §§ 43, 44, 45, 46, 47 and 48, a remedy by way of abatement is provided, which remedy, prior to the amendment of March 15, 1921 (Acts and Resolves of Massachusetts, 1921, c. 113), was the only one afforded a party aggrieved to recover back a tax assessed under chapter 62.

These sections read as follows:

"Sec. 43. Any person aggrieved by the assessment of a tax under this chapter may apply to the commissioner for an abatement thereof at any time within six months after the date of the notice of the assessment; * * * and if, after a hearing, the commissioner finds that the tax is excessive in amount or that the person assessed is not subject thereto, he shall abate it in whole or in part accordingly. If the tax has been paid, the state treasurer shall repay to the person assessed the amount of such abatement, with interest thereon at the rate of six per cent. per annum from the time when it was paid. The commissioner shall notify the petitioner by registered letter of his decision upon the petition.

"Sec. 44. No tax assessed on any person liable to taxation under this chapter shall be abated in any event unless the person assessed shall have filed, at or before the time of bringing his petition for abatement, a return as required by sections twenty-two to twenty-five, inclusive; and if he failed without good cause to file his return within the time prescribed by law, or filed a fraudulent return, or, having filed an incorrect or insufficient return, has failed, after notice, to file a proper return, the commissioner shall not abate the tax below double the amount for which the person assessed was properly taxable under this chapter.

"Sec. 45. [This section allows the party aggrieved to appeal from the refusal of the commissioner to a board of appeal rather than to the superior court.]

"Sec. 46. If the tax abated has been paid, the state treasurer shall repay to the petitioner the amount of the abatement and interest at the rate of six per cent. per annum from the time of payment, upon presentation to him by the petitioner of the notice of the decision of the board.

"Sec. 47. Any person aggrieved by the refusal of the commissioner to abate in whole or in part under section forty-three a tax assessed under this chapter, and who has paid his tax, may, instead of pursuing the remedy provided in section forty-five, appeal from such refusal by filing a complaint against the commissioner in the superior court for the county where such person resides or has his principal place of business, within thirty days after the notice by the commissioner of his decision in accordance with section forty-three. An order of notice shall be issued by said court and served on the commissioner within such time as the court directs, and subsequent proceedings shall be conducted in accordance with sections sixty-five to sixty-eight, inclusive, of chapter fifty-nine. If an abatement is granted, the amount thereof shall be repaid to the complainant by the state treasurer, with interest at the rate of six per cent. per annum from the time when the tax was paid and costs.

"Sec. 48. The remedies provided by section forty-three to forty-seven, inclusive, shall be exclusive, whether or not the tax is wholly illegal."

In Acts and Resolves of 1921, c. 113, sections 47 and 48 were amended to read as follows:

"Sec. 47. Any person aggrieved by the refusal of the commissioner to abate in whole or in part under section forty-three a tax assessed under this chapter, and who has paid his tax, may, instead of pursuing the remedy provided in section forty-five, appeal from such refusal by filing a complaint against the commissioner in the superior court for the county where such person resides or has his principal place of business, or, *if such person claims a domicile without the commonwealth, by filing a complaint against the commissioner in the superior court for any county,* within thirty days after the notice by the commissioner of his decision in accordance with section forty-three. * * *

"Sec. 48. The remedies provided by sections forty-three to forty-seven, inclusive, shall be exclusive, whether or not the tax is wholly illegal. *But the word 'exclusive' in this section shall not be construed to deprive any person of a right of action at law in any federal court.*"

This amendment, so far as we are informed, has never been construed by the state court. It was enacted subsequent to the decisions

of this court in Dunn v. Trefry, 260 Fed. 147, 171 C. C. A. 183, and Agassiz v. Trefry, 266 Fed. 8, and apparently neither counsel nor the court below were aware of its existence at the time of the trial of this case. But it seems to us that its reasonable meaning is, that, where it is open to a party aggrieved in the assessment or collection of a tax levied under this chapter to avail himself of the jurisdiction of a federal court, the remedy provided in sections 43 to 47 of chapter 62 is not exclusive; that the aggrieved party may avail himself of any legal remedy that may be open to him; and that the remedy recognized by section 98 of chapter 60 was open to the plaintiffs and could have been availed of by them had they desired. Section 48, c. 62, as amended by the act of 1921.

We are unable to see wherein this remedy is not as complete, practicable, and efficient as the remedy in equity. The only restriction upon its exercise is that the tax shall be paid under a written protest signed by the aggrieved party, and suit commenced within three months thereafter—entirely reasonable conditions. Had the plaintiffs availed themselves of this remedy, they would have suffered no injury from the collection of the tax, nor been subjected to a multiplicity of suits to determine their rights. The case presents no special circumstances calling for equitable relief. Arkansas Building Association v. Madden, supra; Bailey v. George, 259 U. S. 16, 42 Sup. Ct. 419, 66 L. Ed. 816.

[3] As the court, under the circumstances here presented, is without jurisdiction to entertain the bill, it must be dismissed; but as the plaintiffs, on payment of the tax to the commissioner (chapter 62, § 59), under protest, as provided in section 98 of chapter 60, may bring an action at law and contest the validity of the tax (Burrill v. Locomobile Co., 258 U. S. 34, 42 Sup. Ct. 256, 66 L. Ed. 450; Reagan v. Farmers' Loan & Trust Co., 154 U. S. 362, 390, 391, 392, 14 Sup. Ct. 1047, 38 L. Ed. 1014), the dismissal must be without prejudice to their right to do so.

The decree of the District Court is reversed, and the case is remanded to that court, with directions to dismiss the same without prejudice, with costs to the appellant in this court and the court below.