## UNITED STATES v. YATSEVITCH.

District Court, D. Massachusetts.   June 6, 1929.

No. 255.

Frederick H. Tarr, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass.

Lyman K. Clark, of Boston, Mass., for respondent.

MORTON, District Judge. This is a petition to cancel a certificate of naturalization for alleged fraud in obtaining it. It was heard in open court on oral and documentary testimony. The facts are as follows:

The defendant was born in Russia. He received a technical education and taught in the University of Kiev. He was a member of a commission sent here by the Russian government in 1913 to study our practice in mining and metallurgy and in educational methods. On that visit he became much interested in this country, made many friends here, and determined that eventually he would come here to live. He returned to Russia in 1916 and put his services at the disposal of his country. After the collapse of the old régime he joined the anti-Bolshevik movement led by General Deniken, which was acting in co-operation with the British forces in Southern Russia. In 1919 he was sent to London as Deniken's representative in charge of a cargo of materials which was forwarded on the same vessel. He received instructions to sell these goods, which were of very substantial value; and being unable to do so in England, in March, 1921, he came to this country for that purpose. While here he renewed acquaintances which he had formed among the professors and teachers at Harvard and other schools and made acquaintances in business.

He was at that time a man without a country or a domicile, and he definitely decided to make this country his home. In pursuance of this intention, he made a declaration of intention to become a United States citizen and made tentative arrangements with Prof. Weiner of Harvard for the use of the latter's farm as a residence. He shortly arranged a sale of the merchandise in his charge to Chittenden, Turner & Co. of this city. They sent him back to London with a power of attorney to resell it for them, expecting that the business would occupy a few months, not over a year. In fact, it dragged out for five years on account of disturbed conditions in the markets. During all that time the defendant lived in London; his two children

escaped from Russia and joined him there. He says that he always regarded his residence in England as merely temporary and was expecting almost from month to month to finish up his business and return here. Prof. Weiner corroborates this statement, testifying that he visited the defendant in London in 1925 and found him in temporary quarters with much of his furniture and household goods packed. When the Chittenden business was finally completed, the defendant at once returned to this country with his wife and family. He never had a domicile in England.

In February 1928, he petitioned for naturalization, claiming that since March, 1921, he had been a resident of this country. This petition came on for hearing on the contested list before my brother Lowell. There was no concealment of facts. They were stated to him as they now appear, although by no means with such detail. There is no claim that any fraud or imposition has been practiced either on the department or on the court; nor is there any claim that the evidence on the present petition substantially changes the case as presented to Judge Lowell. Under these circumstances, I have doubt whether the present proceeding can be maintained. I pass the point, however, because upon the facts I am of the same opinion as he was.

This case seems to me to be one of extraordinary futility. Prof. Yatsevitch is, as everybody admits, a man of high character and good principles. He has such skill and learning in his profession that the authorities of the United States Arsenal at Watertown sought him out and are now employing him in research work involving very advanced physics, and he is in charge of laboratories there; his employment having been made possible by a special authorization pending the determination of his citizenship. Why anybody should desire to exclude such a man from citizenship in this country passes understanding. But, of course, the question having been raised must be determined in accordance with the facts and the law.

Domicile is a matter of intent and of fact. In Dunn v. Trefry, 260 F. 147 (C. C. A. 1), the court intimated that unless the facts prevented, a person's intent was to be respected and given legal effect. See, too, Porto Rico Ry., Light & Power Co. v. Cognet et al., 3 F.(2d) 21 (C. C. A. 1), where 13 years' continuous living in Porto Rico was held to leave still open as a question of fact whether it was the plaintiff's domicile. In my opinion that principle applies here. The defendant by a most extraordinary combination of circumstances having lost his own country and being, as I have said, a man without a country, intended to join himself to this country. He took decisive steps in pursuance of that intention, making a declaration of intention and arranging for a residence. His business and family affairs necessitated a temporary return to Europe, but throughout his absence his intention to be an American citizen persisted. He never did anything contrary to it so far as the evidence shows. While the case is unusual, I think the facts show that the defendant was a resident here legally speaking, during the entire period following his declaration of intention.

Petition dismissed.