**AGUDO et al. v. SANCHO, Treasurer of Puerto Rico.**

**No. 3179.**

Circuit Court of Appeals, First Circuit.
March 15, 1937.

---

Leopoldo Feliu, of San Juan, P. R., for appellants.

William C. Rigby and Nathan R. Margold, both of Washington, D. C., and B. Fernandez Garcia, of San Juan, P. R., for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is a complaint in the nature of an action at law to recover license taxes in the amount of $32,825, alleged to have been paid under protest, on the ground that the statute of Puerto Rico imposing the tax is illegal and void. In the District Court of San Juan, where the action was brought, the defendant demurred to the complaint on the ground that it did not state facts sufficient to sustain a cause of action.

In that court the demurrer was sustained for the reason that the plaintiffs in bringing their complaint under Act No. 8 of April 19, 1927, had not complied with the provisions of sections 1 and 5 of that act in that they had not attached to their complaint receipts for the taxes paid under protest or certified copies of them, and therefore could not maintain their action. The plaintiffs, however, were granted ten days in which to amend their complaint by attaching such receipts, but failed to avail themselves of the opportunity. Instead they requested the District Court to decide whether the statute imposing the tax was a valid law.

In compliance with this request the District Court took under consideration that question and held that the statute imposing the tax was a valid one. The plaintiffs appealed to the Supreme Court of Puerto Rico, and in their assignments of error complained that the District Court erred in sustaining the demurrer upon both grounds.

In the Supreme Court the judgment of the District Court was affirmed upon the second ground. The first ground was not passed upon for the reason, as it said, that it "would have only been important in case the bill [the Act in question] had been declared invalid." It is from this judgment that the present appeal is prosecuted.

By their assignments of error in this court the appellants' only complaint is that the Supreme Court erred in holding that the statute imposing the tax was a valid law.

It appears in the complaint, and in the "concurrent resolution" there referred to, that the plaintiffs Antonio and Ramon Agudo were partners doing business as

Agudo Bros. and were the owners of a number of slot machines on which, up to April 25, 1933, they had paid taxes at the rate of $10 every three months on each machine without objection; that, after that time, the treasurer of Puerto Rico, by reason of the legislation in question, required that they pay a tax of $75 every three months on each slot machine which they owned and used in their business; and that, thereafter, for a given length of time, they paid the increased taxes under protest, and then brought this suit to recover the increased amount which they had been required to pay over and above the $10 quarterly for each machine, which they had previously paid.

The underlying question is , whether the statute under which the increased taxes were levied and paid was a valid law.

In regard to this it appears that the bill increasing the amount of the tax quarterly per machine was duly passed by both Houses of the Legislature of Puerto Rico; that the only question as to the bill having become a valid law is that the enrolling clerk, whose duty it was to make a fair copy of the bill as it passed both Houses and transmit it to the Governor for his approval, in enrolling the bill which he sent to the Governor, through error or otherwise, failed to insert in the enrolled bill the clause contained in the bill as it passed both Houses—"a tax of seventy-five ($75) dollars a quarter is levied"—and in its place inserted the words "a tax is levied which shall not exceed seventy-five ($75) dollars a quarter." When the Legislature discovered the mistake it passed the "concurrent resolution" referred to in the complaint and sent it to the Governor in an endeavor to bring the matter to his attention and effect a correction. The Governor having this information, which contained a complete copy of the bill as it passed both Houses and was recorded in their journals, and having the enrolled bill before him, struck out the clause inserted during the enrollment of the bill and restored the clause which had been omitted and which was contained in the bill as it passed both Houses of the Legislature.

It is because of what took place in the enrollment of the bill, and the action of the Governor in making the correction before approving and attesting it with his signature, that the plaintiffs base their contention that the bill never became a valid law,—that the Governor, in doing what he did, acted in contravention of the provisions of section 34 of the Organic Act of Puerto Rico of March 2, 1917 (chapter 145, 39 Stat. 951, 960–962 [48 U.S.C.A. § 822 et seq.]).

The facts in this case do not disclose that any of the provisions of section 34 of the Organic Act of Puerto Rico were not complied with or were in any way violated. It is not claimed that the bill as originally drawn was not properly passed in each House and entered upon the journal of each House, nor that the presiding officer of each House did not, in the presence of the House over which he presided, sign the bill after its title had been publicly read, nor that the fact of signing was not entered in the journal of each body. The provisions of that section contemplate that upon the passage of a bill by both Houses it shall be presented to the Governor for his approval and, if he approves it, he shall do so within ten days thereafter. But there is no provision in the Organic Act and no statute of Puerto Rico has been called to our attention, and none has been found by us, providing how or by whom a bill passed by the two Houses shall be prepared for presentation and presented to the Governor. Section 34 of the Organic Act undoubtedly contemplates that the Legislature should transmit to the Governor for his action a fair copy of the bill as passed by the two Houses so that he may act thereon as provided in that section, and this is clearly what the Legislature was attempting to do through the so-called enrollment clerk.

It is idle to say that, if the enrollment clerk, as an instrumentality of the Legislature, failed to send a fair copy of the bill to the Governor, the Legislature might not; on becoming aware of the error and while still in session, cause its correction by duly notifying the Governor of the error; and this is what the Legislature did by its concurrent resolution, for at the end of that resolution it set forth the entire bill as it passed each House of the Legislature, so that the Governor had before him a true copy of the bill and simply corrected the bill as enrolled by the clerk to conform to the truth and as requested by the Legislature in its resolution. What was done was not an attempt to amend the bill, as the plaintiffs seem to think. There was no occasion for

changing or amending the bill as it passed both Houses. The only thing done or attempted was to have a true copy of the bill as passed by both Houses presented to the Governor for his approval and signature, and this was done, not in violation of, but in fulfillment of, the requirements of section 34 of the Organic Act. See State ex rel. Ball v. Hall (1935) 130 Neb. 18, 263 N.W. 400; Opinion of Justices, 76 N.H. 601, 81 A. 170; Field v. Clark, 143 U.S. 649, 12 S.Ct. 495, 36 L. Ed. 294; Harwood v. Wentworth, 162 U.S. 547, 16 S.Ct. 890, 40 L.Ed. 1069; Flint v. Stone Tracy Co., 220 U.S. 107, 143, 31 S.Ct. 342, 55 L.Ed. 389, Ann.Cas.1912B, 1312.

We are also of the opinion that the District Court of San Juan did not err with relation to the first question: Whether the plaintiffs having failed to attach to their complaint, in accordance with section 5 of Act No. 8 of April 19, 1927, the receipts which they were required to obtain (section 1 of the act) upon paying taxes under protest, could maintain their complaint? This question is open to the appellee, in support of the judgment, though he did not take a cross-appeal. Morley Construction Co. et al. v. Maryland Construction Co., 299 U.S. ——, 57 S.Ct. 325, 81 L.Ed. ——, decided February 1, 1937.

Section 1 of that act provides that a taxpayer aggrieved by having to pay a tax shall, on making payment, obtain a tax receipt signed by the collector or official in charge of the collection of taxes "specifically stating whether the said protest refers to the whole or to a part of the tax paid under protest, and setting forth the exact amount protested." Section 3 provides that the taxpayer "who shall have paid under protest the whole or part of any tax may, within the term of one year from the date of payment, sue the Treasurer of Puerto Rico * * * to secure the return of the amount protested." In that section it is also further provided that if the final decision is favorable to the taxpayer "the Treasurer of Puerto Rico shall proceed to return to him the amount directed in the decision" with interest "from the date of the filing of the complaint in court or on the petition of the taxpayer, the Treasurer shall credit him with the total amount to be returned, to be applied to the payment of any tax already due and unpaid or to become due in the future; Provided, That said credit may be transferred by the taxpayer, and then the Treasurer of Puerto Rico shall credit it to the assignees, for all purposes of the law." And Section 5 provides that "any taxpayer filing a claim [complaint] against the Treasurer of Puerto Rico in accordance with the provisions of this Act, shall attach to the said claim [complaint] the receipt for the tax paid under protest, or a certified copy thereof."

It is apparent from a reading of the act that the procurement of the tax receipts on making the payments, the attachment of them to the complaint, and the bringing of a suit within one year from the date of payment to recover the protested taxes, are conditions to the maintenance of the suit there authorized against the people of Puerto Rico or its treasurer. The requirement that the tax receipt shall be attached to the complaint is manifestly reasonable, especially in view of the provisions in section 3 that the credit, if any, arising therefrom may be transferred by the taxpayer and that the treasurer shall credit it to the assignee.

A like question was before this court in Long v. Norman, 289 F. 5. In that case one question was whether the provisions of section 98, chapter 60, of the General Laws of Massachusetts of 1921 afforded an adequate remedy for the recovery of a tax paid under protest and whether the conditions imposed were reasonable. There the statute required that a suit to recover the tax should be commenced within three months after its payment, and after the taxpayer had signed a written protest. We held that the requirements that the taxpayer, on paying the tax, made a written protest and bring suit within three months were reasonable. And in doing so we said at page 9 of 289 F. "The only restriction upon its exercise [the exercise of the remedy] is that the tax shall be paid under a written protest signed by the aggrieved party, and suit commenced within three months thereafter—entirely reasonable conditions."

Here the tax receipts, if obtained on the payment of the tax and, at the time of the commencement of the suit, were owned and controlled by the plaintiffs, could readily have been attached to the complaint when filed, or certified copies of them attached, but they were not and, so far as the record discloses, never have

been, though ample opportunity to do so was afforded in the District Court of San Juan.

The judgment of the Supreme Court of Puerto Rico is affirmed, with costs to the appellee in this court.