Petition of HERSCHMANN.

**UNITED STATES v. HERSCHMANN.**

No. 9265.

Circuit Court of Appeals, Seventh Circuit.

Oct. 27, 1947.

Otto Kerner, Jr., U. S. Atty., John P. Lulinski, and Maurice C. Handelman, Asst. U. S. Attys., and Dewey G. Hutchinson, Naturalization Examiner, all of Chicago, Ill., for appellant.

Thomas Dodd Healy, Edward Atlas, and Harold Stickler, all of Chicago, Ill., for appellee.

Before EVANS and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

The petition of the appellee for naturalization was granted by the District Court. From this judgment the United States has appealed.

The appellee, a native citizen of Peru, came to this country in 1919. He worked in Boston until 1923, and from 1923 until 1925, he worked for the United Fruit Company in Cuba. Since 1925 he has been employed by a subsidiary of an American utility holding corporation engaged in business in Cuba. In 1935 he married a native-born American citizen at Key West, Florida. Two children were born of this marriage in Philadelphia, Pennsylvania, where the appellee had sent his wife for the births of the children in order that they might have American citizenship. The appellee and his family have been living since 1935 in Cuba where he is employed.

On August 27, 1939, the appellee entered the United States at Miami, Florida, for permanent residence, and on January 29, 1940, he filed his declaration of intention to become a citizen of the United States in the District Court for the Southern District of Florida. On June 21, 1946, he filed his petition for naturalization under 8 U.S. C.A. § 711, which provides that one applying for naturalization who is married to an American citizen does not have to file a declaration of intention, and which shortens the required time of residence in the United States from five years to two years.

It is the contention of the Government that the appellee had not resided continuously in the United States for the two years immediately preceding the filing of his petition, as he was living with his family in Cuba during that period. The appellee, to meet this contention, proved that he had requested and received the benefits of 8 U.S.C.A. § 707(b) from the Attorney General. This section of the statute excuses an applicant for naturalization from showing continuous residence in the United States if he "is employed by an American firm or corporation engaged in whole or in part in the development of foreign trade and commerce of the United States or a subsidiary thereof * * *." There was no question but that the appellee had been living in Cuba with his family while he was employed by an American corporation engaged in Cuba in the development of foreign trade and commerce of the United States.

The appellee further showed that in addition to marrying an American citizen and arranging for the births of his children on American soil that they might be American citizens, he at all times had the intention of establishing and maintaining his residence first in Florida and later at 5823 Magnolia Avenue, Chicago, at which latter address his married sister resided. As to the latter location, he had so declared his intention to his brother-in-law and had arranged to use his brother-in-law's safety deposit box in which to keep his Government bonds, upon which bonds his address was given as 5823 Magnolia Avenue. He also kept his corporation stock in this deposit box and his address as stockholder was the Chicago address. This address was used by him and his family as a mailing address and on visits to the United States during their sojourn in Cuba, they made this address their headquarters.

The Government points out that even if these facts and declaration of intention by the appellee were sufficient under the provisions of Section 707(b) to show residence of the appellee in the United States, he abandoned that residence, as evidenced by a letter which he wrote the Bureau of Internal Revenue of the United States with which he had a controversy concerning income tax on the salary earned by him while living in Cuba. He wrote the Bureau several times and received no reply, and on March 14, 1946, in apparent disgust, he wrote the Bureau a letter in which he stated:

"Inasmuch as I have not been privileged with an answer to my questions up to the present, please be informed that to my great regret and under the conditions seemingly prevailing, I have had no other al-

ternative but to abandon my efforts to establish a residence in the U. S. A. for the purposes of seeking citizenship, because the extra tax would be a too heavy burden on my present income which is hardly large enough to cover living and other expenses for my family and me * * *."

That this was a statement against interest is freely admitted by counsel for the appellee. However, it appears that despite this statement, the appellee continued thereafter to regard the Chicago address as his residence, to use it as a mailing address and as a place to stay while in the United States and to use the safety deposit box as before, all with the consent of his brother-in-law, and thereafter when he filed his petition for naturalization he still claimed this address as his place of residence.

■■ The question before the District Court was whether the appellee had a residence in the United States for naturalization purposes at the time he filed his petition. His living with his family in Cuba where he was employed was clearly excused by Section 707(b) of the statute. Without the letter to the Internal Revenue Bureau, we think it is clear beyond dispute that the appellee claimed and continued to claim the Chicago address as his residence. "Residence" involves a matter of intention, and intention is a question of fact which is made manifest by what one says and does. United States v. Yatsevitch, D.C., 33 F.2d 342, 343; Petition of Oganesoff, D.C., 20 F.2d 978, 980. The District Court resolved this question of fact in favor of the appellee. We think that there was substantial evidence to support this finding. The District Court had the witnesses before it and all the facts and circumstances for its consideration. It was for that court to say whether the letter to the Internal Revenue Bureau, the only inconsistent factor in the appellee's conduct, was sufficient to overcome all the other facts and circumstances manifesting the appellee's intention. The court concluded it was not sufficient. We cannot say that the court's deci-

sion on this question of fact is clearly erroneous.

■ The Government in its reply brief raised for the first time, and in this Court and not in the District Court, the contention that the appellee had not fully complied with Section 707(b) in that he had not shown that he had resided in the United States for at least one year, during which period he had made a declaration of intention to become a citizen. A question not raised below cannot be presented here for the first time. Becker Steel Co. of America v. Cummings, 296 U.S. 74, 82, 56 S.Ct. 15, 80 L.Ed. 54; Chatz v. Midco Oil Co., 7 Cir., 152 F.2d 153; In re Waern Bldg. Corporation, 7 Cir., 145 F.2d 584, 586.

That the Government should not be allowed to raise the question here for the first time is abundantly justified in the circumstances of this case. The Government in its brief stated that the appellee "entered the United States for permanent residence at Miami, Florida, on August 27, 1939. He filed his Declaration of Intention to become a citizen of the United States on January 29, 1940, in the District Court of the United States for the Southern District of Florida." Thus we see by the Government's own admission on the record that the appellee established his permanent residence in Florida August 27, 1939, and approximately five months thereafter filed his declaration of intention in the District Court for the Southern District of Florida. If challenged on this point in the court below, the appellee might very readily have shown residence in the United States to have continued for the next seven months, to make out the year required by the statute. The Attorney General must have been satisfied that the appellee had resided in the United States for a year and had made his declaration of intention as required by Section 707(b), or he would not, on June 16, 1944, have granted the appellee the benefits thereof.

We find no error in the record, and the judgment of the District Court is affirmed.