THE RALEIGH & GASTON RAILROAD COMPANY v. R. J. LEWIS, Sheriff of Halifax County.

*Constitution—Injunction—Taxes—Statute.*

'The act of the General Assembly (Ch. 137, § 84, Laws 1887,) forbidding the granting of injunctions to restrain the collection of any tax, unless such tax is levied for an illegal or unauthorized purpose, does not conflict with either the Federal or State Constitutions.

This was an APPLICATION FOR AN INJUNCTION, made in an action pending in HALIFAX Superior Court, and heard before *Graves, J.,* on the ... day of January, 1888.

The defendant, who, as Sheriff, is tax collector of the County of Halifax, having in his hands the tax list of 1887, in which the plaintiff is charged with a tax of $23.40, assessed on lots of land belonging to the Company, and necessary in the prosecution of its business, proceeded after a levy upon them to advertise a sale for the payment thereof, the plaintiff having refused to acknowledge its liability, whereupon this action was brought to restrain the defendant from so doing.

The complaint insists upon the exemption of the lots under a clause in the charter of the plaintiff, the scope and extent of which has been passed upon and the exemption adjudged by the Supreme Court of the United States in *Railroad* v. *Reed,* 13 Wall, 264, reversing the contrary ruling by this Court, found in 64 N. C., 155, and followed by the recognition of such non-liability in *Railroad* v. *Commissioners,* 87 N. C., 414.

No answer was put in, and a demand having been made for a restraining order and refused, the plaintiff appealed.

*Mr. W. H. Day,* for the plaintiff.
No counsel for the defendant.

RAILROAD *v.* LEWIS.

SMITH, C. J., (after stating the case). The ruling of the Court is predicated on the Act of 1887, ch. 137, § 84, which is in these words, so far as applicable to the matter in dispute:

" No injunction shall be granted by any Court or Judge in this State to restrain the collection of any tax or any part thereof, hereafter levied, nor to restrain the sale of any property for the non-payment of any such tax, except such tax or the part thereof enjoined be levied or assessed for an illegal or unauthorized purpose, nor shall any person be permitted to recover by claim and delivery or other process, any property taken or distrained by the Sheriff, or any tax collector, for the non-payment of any tax except such tax be levied or assessed for an illegal or unauthorized purpose; but in every such case, the person or persons claiming any tax or any part thereof, to be for any reason invalid, or that the valuation of his property is excessive or unequal, who shall pay the same to the tax collector or other proper authority in all respects as though the same was legal and valid, such person may at any time within 30 days after such payment demand the same in writing from the Treasurer of the State or of the county, city or town for the benefit, or under the authority, or by the request of which the same was levied; and if the same shall not be refunded within 90 days thereafter, may sue such county, city or town for the amount so demanded, including in his suit against the county both State and County tax," &c.

The statute in terms applies to all taxes, and bears upon its face no indication of a purpose to shield a tax debtor from his liability as such, but to free the process of collection from unavoidable embarrassments so injurious to government both State, county and municipal. It is obvious that a suit at the instance of all tax-payers, as a class, to restrain the collection of a particular general tax might result in great

inconvenience to the public in the deprivation of the means of carrying it on.

In *Huggins* v. *Hinson*, Phil., 126, the action was in the nature of an assumpsit for money received by the Sheriff upon a tax list in his hands which the plaintiff was forced to pay, and in *Gore* v. *Mastin*, 66 N. C., 371, the action was in trespass for the seizure and sale of a mule, the tax in both cases being charged to be illegal, and it was decided that in neither form of proceeding could a recovery be had, inasmuch as the tax list was in legal effect an execution supported by a judgment, and in the former case that the remedy was to be sought in an application to the County Court. To the same effect are *State* v. *Lutz*, 65 N. C., 503, and *Mulford* v. *Sutton*, 79 N. C., 276.

The authorities are divergent as to the right of a tax-payer, wrongfully assessed, to the remedy by injunction against the enforcement of the tax, the general rule being, according to Mr. High in his work on Injunctions, § 35, that " Equity will not interfere to restrain a tax which is illegal or void, merely because of its illegality, but there must be some special circumstances attending the injury threatened to distinguish it from a mere trespass, and thus bring the case within some recognized head of Equity jurisprudence; otherwise, the person aggrieved will be left to his remedy at law."

In *Worth* v. *Commissioners* in Winston's Eq., 70, while admitting that relief by injunction may be had against an unlawful tax imposed by a *municipal corporation*, (and this was conceded to be the law in *London* v. *Wilmington*, 78 N. C., 109,) the Chief Justice questions the propriety of a resort to such process when a County or State tax is in process of collection, and remarks that " an injunction against tax collectors, the effect of which is to stop all collections, might seriously obstruct the operations of the government," &c., adding thereto very forcible reasons against the practice,

and practical difficulties hard to overcome in the enforcement of the order.

All these considerations tend in the direction of the statute. which expressly forbids the issue of an injunction to arrest the collection of taxes, and remits the party to the remedy which it points out by a demand upon the State or County Treasurer to refund, and upon refusal gives him an action against the county, city, or town to recover the taxes respectively received, and against the county for its own, and the illegal taxes exacted by the State. As there are ample means of redress provided for remedying the wrong, the statute does not contravene the provisions of the Federal or our own Constitution, while it obviates the mischiefs resulting from an interference with the collector.

The injury is not irreparable, for the payment of the small tax exonerates the property and gives the tax payer recourse to those into whose treasuries the money has passed for refunding the money. This is in the line of former adjudications, and we sustain the refusal of the Court to grant the motion in the face of the prohibitory statute.

Affirmed.