9245

NAT. LOAN AND EX. BANK OF GREENWOOD *ET AL.* v. JONES *ET AL.*, SOUTH CAROLINA TAX COMMISSION *ET AL.*

THE PEOPLES NATIONAL BANK OF GREENVILLE v. SAME DEFENDANTS.

(87 S. E. 482.)

TAXATION.   ILLEGAL.   ADEQUATE REMEDY AT LAW.

1. TAXATION—RESTRAINING COLLECTION—INADEQUACY OF REMEDY AT LAW.—An action to enjoin an alleged unlawful assessment of bank property for taxation, and the unlawful collection thereof, would not be entertained, since the statutes provide an adequate remedy by payment of the tax under protest and ·a suit to recover the tax unlawfully paid.

2. MANDAMUS—ADEQUATE REMEDY AT LAW—TAXATION.—Mandamus to prevent an alleged unlawful assessment of bank property for taxation, and the unlawful collection thereof, would not be entertained, since the statutes provide an adequate remedy by payment of the tax under protest and a suit to recover the tax unlawfully paid.

Before WATTS, A. J., Laurens, July, 1915.   Reversed.

The first proceeding was a petition for writ of mandamus, brought by the National Loan and Exchange Bank of Greenwood and W. T. Bailey, petitioner-respondents, against Adolphus W. Jones, John P. Derham and W. G. Query, constituting the South Carolina Tax Commission, and J. W. Canfield, County Auditor, respondents-appellants, complaining of the acts of the tax commission in so far as their acts

FOOTNOTE.—Injunction against enforcement of tax laws as affected by existence of other remedies, see 22 L. R. A. 699 to 709; 8 L. R. A. (N. S.) 125; 16 L. R. A. (N. S.) 807; 3 A. & E. Ann. Cas. 1014; 20 *Ib.* 964. As to remedy of owner of particular class of property assessed at greater per cent. of value than other property, see note in 34 A. & E. Ann. Cas. 1914d, 916.

relate to the assessment of the property of the plaintiff bank for the fiscal year 1915.

The petition alleges the unconstitutionality of the act creating the tax commission upon the various grounds set out in the petition and alleges that the acts of the commission, under the act in so far as the assessment of this bank is concerned, are illegal, null and void.

The return on behalf of respondents for cause why the write should not issue alleged that the Court had no jurisdiction of the matters and things contained in the said petition on account of the fact that the acts and proceedings and the attempted procedure by defendants was a step in the collection of taxes, and the Court is without jurisdiction to interfere by writ of mandamus, injunction or otherwise. Also, that the Court is without jurisdiction to issue the writ or any order in the cause for the reason that the petitioners have an adequate remedy at law under the provisions of sections 461 and 462 of the Code of 1912, which remedy, it is alleged, is exclusive of any other remedy. Also, that the facts stated in the complaint are not sufficient to entitle petitioners to a writ of mandamus.

The matter was heard before his Honor, Associate Justice R. C. Watts; and at the same time there was heard along with this case, the case of The Peoples National Bank of Greenville, South Carolina, a corporation under the laws of the United States, in behalf of itself and all other banks of this State, against A. W. Jones *et al.*, Commissioners of the South Carolina Tax Commission. This latter case was an action for injunction against the tax commission and was brought in the Court of Common Pleas for Richland county, and upon rule to show cause why the injunction should not issue was heard before his Honor, Associate Justice Watts, upon the rule to show cause.

Upon the hearing MR. ASSOCIATE JUSTICE WATTS granted the relief prayed for in both actions, directing the

issue of the writ of mandamus in the case at bar, and
granting injunction asked for in the injunction proceedings.

The defendants appealed.

*Messrs. Thomas H. Peeples,* Attorney General, and *Fred.
H. Dominick,* Assistant Attorney General, for appellant,
cite: *As to adequate remedy at law:* Civil Code, secs. 461,
462, 460, 404; 4 S. C. 520; 11 S. C. 310; 23 S. C. 70; 71
S. C. 234; 78 S. C. 211; 71 S. C. 231; 77 S. C. 529; 78 U.
S. 108; 92 U. S. 573; 213 U. S. 276; 188 U. S. 681; 236
U S. 701; 211 S. C. 210, 226, 230; 208 U. S. 548, 553; 213
U. S. 276; 188 U. S. 681, 690; 101 U. S. 153, distinguished.

*Messrs. B. H. Moss, Grier, Park & Nicholson, Cothran,
Dean & Cothran,* for respondents.    *Messrs. Cothran,
Dean & Cothran,* submit: *That sections 404, 460, vol. I,
Code of Laws A. D. 1912, do not forbid recourse to the
Court under the circumstances of this case, where the propo-
sition is not to contest a legal assessment, but to prevent
usurpation of power:* 78 S. C. 211.    *Remedy at law inade-
quate:* 101 U. S. 153, 157.

*Messrs. Grier, Park & Nicholson,* cite, in addition to the
cases cited above: 96 S. C. 479; 121 U. S. 525; 193 U. S.
490, 503; 88 Fed. 350; *and other cases as to the validity of
the act creating the tax commission, its powers and duties.*

December 16, 1915.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

These two cases were heard together, the one is for injunc-
tion, the other is for mandamus.    The one object of the
two proceedings is to prevent an alleged unlawful assess-
ment of bank property for taxation and so the unlaw-
ful collection of taxes so assessed.    Both are extra-
ordinary remedies, neither is available where there is

any other adequate remedy provided. The statutes of this State provide an adequate remedy, *i. e.,* a payment of the disputed tax under protest and a suit for recovery of the tax unlawfully paid. The Constitution of this State gives the power to the Courts to issue writs of injunction and mandamus and the legislature can not take it away, but the legislature can obviate the necessity for the issuance of these writs by providing an adequate remedy at law as it has done in this matter of assessment and collection of taxes.

It is not necessary to state the questions involved as it is held that there is an adequate remedy at law in which all the questions may be raised in due course and decided.

The funds derived from assessment and collection of taxes form the food supply of a government. The ability of a government to exercise its functions depend upon the collection of taxes and it will not be summarily deprived of its power except in cases of absolute necessity. Many citizens are willing to contribute to the funds of the State and to pay a tax, although it is not in accord with the forms of law. The policy of the law is to give these citizens an opportunity to do so.

An adequate remedy is provided for those who pay under protest, and the orders of injunction and mandamus are overruled and the judgments appealed from reversed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE HYDRICK concur in the opinion of the Court.

MR. JUSTICE GAGE, *dissenting.* I dissent, but not on constitutional or Federal grounds; I reserve the privilege to state the grounds of my dissent within a reasonable time hereafter.

MR. JUSTICE WATTS, having heard the cases below, took no part in the consideration of the cases on appeal.

NOTE.—The case has been carried to the United States Supreme Court on writ or error, issued December 29, 1915.