[Civil No. 2322. Filed March 1, 1926.]

[243 Pac. 907.]

YUMA COUNTY, a Body Politic and Corporate, and a Subdivision of the State of Arizona, Appellant, v. ARIZONA & SWANSEA RAILROAD COMPANY, a Corporation, Appellee.

1. Constitutional Law—Taxation.—The legality of a tax is the only subject of inquiry in an action, under Civil Code of 1913, paragraph 4939, to recover a tax illegally collected, and question of overvaluation, claimed to violate federal Constitution and Constitution of Arizona, article 9, section 1, could not be litigated.

1. See 26 R. C. L. 453.

2. TAXATION—NO RIGHT OF APPEAL, BY OWNER OF PRODUCING MINES, FROM ACTION OF STATE TAX COMMISSION FIXING VALUATION OF PROPERTY (CIV. CODE 1913, PAR. 4993).—The right of an owner of producing mines to appeal, under Civil Code of 1913, paragraph 4993, from the action of the tax commission in fixing a valuation of his property for taxation, applied only during fiscal years 1914 and 1915.

3. TAXATION—TAXPAYER MUST HAVE OPPORTUNITY TO BE HEARD, BEFORE ASSESSMENT OF HIS PROPERTY BECOMES FINAL AND BINDING ON HIM.—A taxpayer must have an opportunity to be heard, before the assessment of his property, as fixed by assessing officers, becomes final and binding on him.

4. TAXATION—TAXPAYER'S HEARING BEFORE TAX OFFICERS SATISFIES RULE AS TO RIGHT OF TAXPAYER TO BE HEARD BEFORE ASSESSMENT BINDS HIM.—Taxpayer's hearing before officers, to whom law delegates assessing and taxing powers, satisfies rule as to right of taxpayer to be heard before assessment becomes final.

5. TAXATION—VALUE OF RAILROAD PROPERTY, AS FIXED BY STATE BOARD OF EQUALIZATION, HELD FINAL, DEPRIVING COURT OF JURISDICTION TO REVIEW AND REASSESS PROPERTY (CIV. CODE 1913, PARS. 4827, 4829, 4834, 4854, 4880, 4887, 4939, 4970).—Value of railroad property, as fixed by the state board of equalization pursuant to Civil Code of 1913, paragraph 4834, as distinguished from paragraphs 4854 et seq., 4880, 4887, *held* final, thereby depriving trial court of jurisdiction to review and reassess the property, under paragraph 4939, in view of paragraphs 4827, 4829, 4970.

6. TAXATION—AS STATUTE PERMANENTLY FIXES DAY FOR EQUALIZING TAXES, NO OTHER NOTICE TO TAXPAYERS REQUIRED (CIV. CODE 1913, PAR. 4834).—As Civil Code of 1913, paragraph 4834, permanently fixes the first Monday of August as the time of meeting of state board of equalization, for equalizing taxes, no other notice to taxpayer is necessary.

7. TAXATION.—Civil Code of 1913, paragraph 4970, allows taxpayer to be heard on question of overvaluation by state board of equalization.

8. TAXATION—CONCLUSIONS AND JUDGMENTS OF TAXING OFFICERS IN FIXING AND EQUALIZING VALUES ARE NOT SUBJECT TO COLLATERAL ATTACK, EXCEPT FOR FRAUD.—Taxing officers, in fixing and equalizing values, act in a *quasi*-judicial capacity, and conclusions and judgments of such officers are not subject to collateral attack, except for fraud.

---

3. Notice necessary to due process of law in tax proceedings, see note in L. R. A. 1916E 5. See, also, 26 R. C. L. 345.

4. See 26 R. C. L. 348.

8. See 26 R. C. L. 452.

9. PLEADING—ALLEGATIONS THAT STATE BOARD OF EQUALIZATION ACTED ARBITRARILY AND UNLAWFULLY HELD MERE CONCLUSIONS.—Allegations that state board of equalization, in fixing valuation of plaintiff's railroad property, acted arbitrarily and unlawfully, without setting up the facts, *held* mere conclusions.

See (1) 37 Cyc., p. 1114, n. 82, p. 1175, n. 39, p. 1185, n. 89 New. (2) 37 Cyc., p. 1114, n. 82. (3, 4) 37 Cyc., p. 1083, n. 13, p. 1115, n. 90 New. (5) 37 Cyc., p. 1108, n. 62. (6) 37 Cyc., p. 1077, n. 78. (7, 8) 37 Cyc., p. 1076, n. 74, p. 1078, n. 89. (9) 31 Cyc., p. 50, n. 69, p. 56, n. 20, 21.

APPEAL from a judgment of the Superior Court of the County of Yuma. Fred L. Ingraham, Judge. Judgment reversed and cause remanded, with directions that the complaint be dismissed.

Mr. John W. Murphy, Attorney General, and Mr. A. R. Lynch, Assistant Attorney General, for Appellant.

Messrs. Anderson, Gale & Miller, for Appellee.

ROSS, J.—The appellee is a railroad corporation, and in 1922 owned and operated a railroad between Bouse and Swansea in Yuma county, Arizona, a distance of about 21 miles. For the purposes of taxation the state tax commission assessed its property at $147,700. The plaintiff objected to this valuation as excessive and a protest was presented to the state board of equalization at its August meeting, but no reduction or change in the valuation was allowed. When the taxes fell due, plaintiff paid defendant, under protest, upon the assessed and equalized value of $147,700. In plaintiff's protest and complaint it claims the valuation as fixed by the taxing and equalizing officers was excessive by $101,000; that its cash value did not in fact exceed $46,700.

This suit was brought to recover back from the county the taxes paid on the alleged excess. It is charged in the complaint that the tax commission and

board of equalization, without regard to the full cash value of property, arbitrarily and unlawfully fixed and equalized it at $147,700; that, therefore, the tax is illegal as violative of the revenue law requiring all property to be assessed at its full cash value, of section 1, article 9, of the state Constitution requiring uniformity of taxation, of the due process clause of the state and federal Constitutions, and the equal protection clause of the federal Constitution.

The defendant contended by proper pleadings that the facts stated in the complaint did not entitle the plaintiff to any relief; that the value fixed by the board of equalization is final; and that the court was without jurisdiction to review and reassess plaintiff's property. The court, however, thought otherwise and overruled the demurrers, took evidence as to the value of the property and found its full cash value to be $46,700, as claimed by plaintiff, and entered judgment in favor of plaintiff for $2,288.83, the claimed excess.

The county has appealed, and its assignments present the questions raised by its demurrers. The questions are not unmixed with vexation and doubt. They are important, in that the answers to them will afford a guide to the taxpayer as to when and how as the law is now written he may secure relief from an overvaluation, or what he considers to be an overvaluation, of his property.

The plaintiff contends that it is entitled to have the question of overvaluation re-examined by the courts under the provisions of paragraph 4939 of the Civil Code of 1913, being a part of the revenue law concerning the "Collection of Delinquent Taxes." This statute provides that no injunction shall issue to prevent or enjoin the collection of any tax levied under the provisions of the law. If, however, a taxpayer desires to test the validity of any tax, he may

do so in a suit to recover the excess after first paying the whole tax to the county treasurer, but not otherwise. The action here provided is one to recover "any tax illegally collected" and cannot be maintained until after the processes of assessment and equalization have been finished and the taxes have become due and been paid. The legality of the tax or taxes is the only question that can be inquired into or litigated in this action. It presupposes the questions of assessment and equalization have long been settled according to other provisions of the statute.

The annual state and county tax is made up of many items and these items when added together fix the tax rate. Paragraphs 4834 and 4839, Civil Code. The amount of taxes is ascertained by multiplying the equalized valuation of property by the rate. If any item entering into the rate be not for a public purpose or is authorized by invalid legislation, or if the taxpayer is assessed with property that is exempt or that he did not own, or an overvaluation is the result of the adoption of a rule of appraisement which conflicts with the constitutional or statutory direction and operates unequally, not merely on an individual but a large class, it may be shown in this action and a recovery be had. 26 R. C. L. 453, § 409; *Stanley* v. *Albany County,* 121 U. S. 535, 30 L. Ed. 1000, 7 Sup. Ct. Rep. 1234.

In *Arizona Eastern R. Co.* v. *Graham County,* 20 Ariz. 257, 179 Pac. 959, we used language that might be construed as limiting the right of action under paragraph 4939 to recover only when the law under which it was levied was invalid. We do not think such a construction justified as we believe the legislature intended to give the taxpayer the right to test the validity of the tax upon any ground upon which

he has not had an opportunity to be heard under other provisions of the law.

Under the system of taxation devised by our legislature, the state tax commission appraises and assesses all railroads, telegraph and telephone lines, all express companies, sleeping-car companies, private car lines, and all producing mines (paragraph 4829, Civil Code), and the county assessor assesses all the rest of the property of his county (paragraph 4854 et seq.). The board of supervisors, acting as a board of equalization, equalizes the property assessed in its county (paragraph 4880, Civil Code), and the state tax commission, acting as a state board of equalization, equalizes the property assessed by it (paragraph 4834).

Paragraph 4887, Civil Code, provides, among other things, that a taxpayer, feeling himself aggrieved by an overvaluation of his property, may, by first paying the taxes under protest, have the matter of value re-examined by the superior court, at which he may have a jury trial, if he choose, and, if successful in his suit, he may have judgment for any excess. However, the right of appeal, under paragraph 4887, is given only to those taxpayers whose property has been equalized by the board of supervisors of the county (*State* v. *Inspiration Cons. Copper Co.*, 20 Ariz. 503, 181 Pac. 959); it does not authorize an appeal to the courts from an order of the state board of equalization refusing a reduction of value as made by the state tax commission.

The legislature, therefore, has provided for an appeal to the courts on the question of overvaluation where the property is assessed and equalized by the county officers, but not so where the property is assessed and equalized by the state tax commission and state board of equalization, and for that reason the plaintiff urges it ought to be granted the privilege of

having the question of overvaluation reviewed by the courts under paragraph 4939, in order to secure to the plaintiff the equal protection of the law.

In this connection, it is stated by plaintiff that the owner of producing mines is given the right, under paragraph 4993, to appeal to the courts from the action of the state tax commission fixing the valuation of his property for taxation. Chapter 12, title 49, entitled ''Taxation of Mines and Mining Property,'' of which paragraph 4993 is a part, expressly provides that the method of assessing the valuation for purposes of taxation of mines and mining claims as provided therein shall be used only for the fiscal years 1914 and 1915; therefore the right of appeal by the owner of producing mines has not existed since 1915.

Whether the failure of the legislature to allow certain taxpayers the right to have the valuation of their property reviewed by the courts, when such right is granted to other taxpayers, is a matter of which they may justly complain, depends upon the existence of a remedy available to them for such purpose and its adequacy. It is unquestionably the law that the taxpayer must have an opportunity to be heard, before the assessment of his property as fixed by the assessing officers becomes final and binding upon him. 26 R. C. L. 345, § 302. But, as we understand the law, the hearing need not necessarily be before a court; it may be only before the officers to whom the law has delegated the assessing and taxing powers. 26 R. C. L., p. 348, §§ 305, 306. The rule is admirably stated by Mr. Justice FIELD, in *Stanley* v. *Albany County, supra,* as follows:

''In nearly all the states, probably in all of them, provision is made by law for the correction of errors and irregularities of assessors in the assessment of property for the purposes of taxation. This is gen-

erally through boards of revision or equalization, as they are often termed, with sometimes a right of appeal from their decision to the courts of law. They are established to carry into effect the general rule of equality and uniformity of taxation required by constitutional or statutory provisions. Absolute equality and uniformity are seldom, if ever, attainable. The diversity of human judgments, and the uncertainty attending all human evidence, preclude the possibility of this attainment. Intelligent men differ as to the value of even the most common objects before them—of animals, houses, and lands in constant use. The most that can be expected from wise legislation is an approximation to this desirable end; and the requirement of equality and uniformity found in the Constitutions of some states is complied with when designed and manifest departures from the rule are avoided. To these boards of revision, by whatever name they may be called, the citizen must apply for relief against excessive and irregular taxation, where the assessing officers had jurisdiction to assess the property. Their action is judicial in its character. They pass judgment on the value of the property upon personal examination and evidence respecting it. Their action being judicial, their judgments in cases within their jurisdiction are not open to collateral attack. If not corrected by some of the modes pointed out by statute, they are conclusive, whatever errors may have been committed in the assessment. As said in one of the cases cited, the money collected on such assessment cannot be recovered back in an action at law, any more than money collected on an erroneous judgment of a court of competent jurisdiction before it is reversed.''

It is provided in paragraph 4970, Civil Code:

''If any railroad company or corporation or any other person shall not be satisfied with the assessment by the state tax commission of the property belonging to said company or corporation, it or they may appear before the state board of equalization at its meeting in August and show why such assessment

should be lowered or changed. If at such meeting the state board of equalization shall order that any such assessment be lowered or changed, a certified copy of such order shall be at once forwarded to the proper authorities of the county, city or town affected, who shall cause the assessment roll to be corrected accordingly.''

The complaint alleges that plaintiff raised before the state board of equalization the question of the overvaluation of its property.

It is provided in paragraph 4827, Civil Code:

That the state tax commission's ''decision upon all matters pertaining to the assessment of property of whatsoever nature, class, or kind, and the valuing and listing of the same, shall be final, except as otherwise provided by law.''

The hearing provided for before the state board of equalization seems to be the only exception; and the plaintiff having been given such hearing, or the opportunity to have such a hearing, and no change of value being made, the valuation by the commission became final.

The plaintiff complains that the statute providing for the meeting of the state board of equalization the first Monday of August (paragraph 4834, Civil Code) does not require notice of such meeting to be given by the board, and that no notice was in fact given. We think since the statute permanently fixes that day as the time for equalizing taxes no other notice was necessary to the taxpayers. *Pittsburg etc. R. Co.* v. *Backus,* 154 U. S. 421, 38 L. Ed. 1031, 14 Sup. Ct. Rep. 1114; *Merchants' etc. Bank* v. *Pennsylvania,* 167 U. S. 461, 42 L. Ed. 236, 17 Sup. Ct. Rep. 829.

It is also claimed that the law nowhere provides that the taxpayer may be heard on the question of overvaluation by the state board of equalization.

This, we think, is fully answered by paragraph 4970, Civil Code, *supra.* These officers, in fixing and equalizing values, act in a *quasi*-judicial capacity, and their conclusions and judgments are not subject to collateral attack, except for fraud. 26 R. C. L. 452, § 408.

It is not sufficient to allege, as was done in this case, that the board acted arbitrarily and unlawfully. What might appear to one person as an arbitrary valuation might seem a very reasonable and fair valuation to another, and to state that a thing is unlawful without setting out the facts is a mere conclusion.

We are of the opinion that the trial court was without jurisdiction over the question sought to be litigated, and that error was committed in overruling defendant's demurrers.

The judgment is therefore reversed and the cause remanded, with directions that the complaint be dismissed.

McALISTER, C. J., and LOCKWOOD, J., concur.