417 P.2d 704

**Richard M. DRACHMAN, Fanchon Drachman and Campbell Plaza Co., a Limited Partnership, Appellants,**

**v.**

**Thomas JAY, Dennis Weaver and Peter Rubi, as members of and constituting the Board of Equalization and the Board of Supervisors of Pima County, Arizona, A. E. Bade, Pima County, Assessor, Carroll H. Christian, Pima County Treasurer, and William Stanford, Warren Peterson and Thad Moore, as members of and constituting the State Tax Commission and State Board of Equalization of Arizona, Appellees.\***

**No. 2 CA–CIV 259.**

Court of Appeals of Arizona.

Aug. 17, 1966.

Rehearing Denied Sept. 13, 1966.

Review Denied Oct. 25, 1966.

---

\* This appeal was filed with the Arizona Supreme Court and assigned that court's number 8627. The matter was referred to this court pursuant to A.R.S. Section 12–120.23.

Boyle, Bilby, Thompson & Shoenhair, By Marvin S. Cohen, Tucson, for appellants.

Robert N. Hillock, Sp. Deputy County Atty., for Pima County, Tucson, for appellees Jay, Weaver and Rubi.

Darrell F. Smith, Atty. Gen., James D. Winter, Asst. Atty. Gen., Phoenix, for appellee State Bd. of Equalization.

William J. Schafer, III, Pima County Atty., Rose Silver, Chief Civil Deputy County Atty., for Pima County, Manuel Avalos, Deputy County Atty., for Pima County, Tucson, for appellees Bade and Christian.

Robert Corbin, Maricopa County Atty., Olgerd W. Kalyna, Sp. Deputy County Atty., for Maricopa County, Henry J. Florence, Deputy County Atty., for Maricopa County, Phoenix, for Maricopa County, State of Arizona, as amicus curiae.

MOLLOY, Judge.

Appellants (plaintiffs below) have taken this appeal from an Order of the Superior Court, Pima County, dissolving a temporary restraining order and denying a petition for preliminary injunction in an action instituted by the plaintiffs wherein they sought to enjoin the Pima County assessing officials from extending assessments of plaintiffs' realty improvements on the 1964 assessment and tax rolls at more than twelve and one-half per cent of the full cash value alleged by plaintiffs.

The plaintiffs' claim for injunctive relief was predicated upon the alleged illegal and discriminatory practices of the Pima County Assessor in: (1) assessing property at varying percentages of full cash value; and (2) basing his determination of full cash value solely on cost of construction, less depreciation, without consideration of other factors affecting value. In 1963, the plaintiffs had prosecuted to a successful conclusion in superior court a like suit with regard to the 1963 taxes, and injunctive relief was granted in accordance with their prayer.[1] Similar relief in this case was denied by the same court for the reason that since the filing of the prior action and before the filing of this one, the legislature had amended A.R.S. § 42–204 in the manner hereinafter discussed.

The appellees raise the question of the appealability of the subject order,

---

1. The defendants have appealed from this judgment and the matter being determined in an opinion released simultaneously herewith: Bade v. Drachman (2CA–CIV 260) 4 Ariz.App. 55, 417 P.2d 689 (1966).

contending that the dissolving of a temporary restraining order is not appealable and that the language in the order in question, specifically denying a preliminary injunction, is "verbiage without meaning." There is no authority cited in support of this contention, and we are unable to agree. An order "granting or dissolving an injunction" is an appealable order. A.R.S. § 12–2101, subsec. F, par. 2. A temporary restraining order is a species of an injunction. Firchau v. Barringer Crater Co., 86 Ariz. 215, 219, 344 P.2d 486 (1959). However, we refuse to commit ourselves in this case as to whether an appeal from an order dissolving a temporary restraining order alone would be appealable. We consider the order refusing a preliminary injunction to be in no sense "verbiage without meaning" and hold this matter to be properly before us as an appeal from this order.

The plaintiffs' complaint did not allege that the 1964 taxes had been paid or would be paid, under protest or otherwise.

The appellants attack the judgment below on two bases:

1. A.R.S. § 42–204, as amended in 1964, does not prevent the courts from enjoining the extension upon the tax roll of an illegal and void assessment.

2. If A.R.S § 42–204, as amended, does so prohibit this action, it is unconstitutional, as violative of the due process clauses of the Arizona and United States Constitutions, on the theory that no other adequate remedy is available to property owners against the imposition of taxes based upon illegal and void assessments.

A.R.S. § 42–204, after its amendment effective March 26, 1964, reads as follows (underlined portions added by Chapter 40, Section 1, Laws of 1964):

"A. Any person upon whom a tax has been imposed or levied under any law relating to taxation shall not be permitted to test the validity or amount thereof, either as plaintiff or defendant, unless the tax is first paid to the county treasurer authorized to collect the tax, together with all penalties thereon.

"B. No injunction shall issue in any action or proceeding in any court against the state or an officer thereof, or against any county, municipality or officer thereof, to prevent or enjoin the extending upon the tax roll of any assessment made for tax purposes, or the collection of any tax imposed or levied.

"C. After payment of the tax, an action may be maintained to recover any tax illegally collected, and if the tax due is determined to be less than the amount paid, the excess shall be refunded in the manner provided by this chapter."

Plaintiffs' contention is based upon the principles enunciated by the Supreme Court of Arizona in McCluskey v. Sparks, 80 Ariz. 15, 291 P.2d 791 (1955); Sparks v. McCluskey, 84 Ariz. 283, 327 P.2d 295 (1958) and Southern Pacific Company v. Cochise County, 92 Ariz. 395, 377 P.2d 770 (1963). At the outset we must point out that in neither *McCluskey* nor *Southern Pacific* was the court confronted with as specific a statutory prohibition against injunction as is herein involved.

In holding that the old A.R.S. § 42–204, subsec. B did not prevent the relief asked in the *Southern Pacific* action, our court pointed out that the taxpayer was not seeking "to prohibit or enjoin the collection of a tax" (92 Ariz. 402, 377 P.2d 775) but rather was seeking to prevent taxing officials "in the future from assessing appellant's properties in an amount in excess of the percentage of the full cash value at which other properties are assessed or in the alternative to compel in the future the assessment of all properties at full cash value." (92 Ariz. 402, 377 P.2d 775.) The court further justified its position by quoting language enunciated in Crane Company v. Arizona State Tax Commission, 63 Ariz. 426, 445, 163 P.2d 656, 163 A.L.R. 261 (1945) in that portion of the opinion directed towards Sec. 26–104, Code of 1939, (now A.R.S. § 12–1802) prohibiting an in-

junction "* * * to prevent the execution of a public statute, by officers of the law, for the public benefit." Part of the language so quoted is:

"Here the injunction is sought not to prevent the execution of the statute but to prohibit wrongful action on the part of the defendants *under the guise of its enforcement or execution.*" (Emphasis added) 92 Ariz. 403, 377 P.2d 776.

The language in *Crane* immediately preceding this quote is:

"Regardless of the statute, it has always been the law that courts will not interfere to prevent the execution of a public statute by officers of the laws. *The act is merely an affirmation of the general rule on the subject.*" (Emphasis added) 63 Ariz. 445, 163 P.2d 664.

In the *Crane* case, the court, in holding that an attempt by the Tax Commission to collect a nonexistent tax was illegal and a proper subject of injunction, stated:

"In so holding, we do not mean to depart from the statements made in Santa Fe Trail Transp. Co. v. Bowles, 62 Ariz. 177, 156 P.2d 722. In effect, we said in that case, the right afforded by the statutes to pay the taxes under protest and recover is in most cases an adequate remedy. We do not mean to say here that an injunction will lie in all cases where a tax is illegally imposed. If the payment of the tax under protest and suit for recovery constitutes, as it ordinarily does, an adequate remedy at law, that course must be followed. *Here, however, as we have pointed out, unless the tax is enjoined the result will be a multiplicity of suits, and, therefore, the remedy at law is not adequate.*" (Emphasis added) 63 Ariz. 447, 163 P.2d 665.

Thus we see that in both *Crane* and *Southern Pacific* there was an added element, lacking here. *Crane* admittedly relied upon a multiplicity of actions as a basis for granting relief, and in *Southern*

*Pacific,* accrued taxes were paid under protest, relief was asked as to future assessments and the complaint sought, in the alternative, broad relief requiring taxing officials to comply with the law as to all property. Here the taxpayers' equitable claim is directed to a single year's assessments for a single piece of property.

■ The historical background of A.R.S. § 42–204, as amended in 1964, i. e., its passage in the wake of the *Southern Pacific* decision, illuminates the intent of the legislature in passing it. Cf. City of Mesa v. Killingsworth, 96 Ariz. 290, 394 P.2d 410 (1964). We believe the legislature clearly manifested its intent that the collection of revenues not be interfered with by the form of injunctive relief sought here.

The philosophy underlying statutes of this character is that the government not be hampered or interfered with in the collection of revenues so essential to the sustenance of governmental functions. State ex rel. Lane v. Superior Court, 72 Ariz. 388, 236 P.2d 461 (1951).

■ Plaintiffs contend that, despite the clear directive of this amendment, when an assessing official proposes to act outside his authority in making and extending upon the tax roll an assessment based on an illegal practice he is still subject to judicial restraint by injunction. In the case of Snyder v. Marks, 109 U.S. 189, 3 S.Ct. 157, 27 L.Ed. 901 (1883), a similar argument was advanced by the taxpayer that the statute prohibiting injunction was meant to apply only to a legal tax. The Supreme Court of the United States stated in response thereto:

"There is therefore no force in the suggestion that Section 3224,[2] in speaking of a 'tax,' means only a legal tax; and that an illegal tax is not a tax, and so does not fall within the inhibition of the statute, and the collection of it may be restrained." 3 S.Ct. 159, 27 L.Ed. at 903.

2. Federal statute providing that "[n]o suit for the purpose of restraining the assess-

ment or collection of any tax shall be maintained in any court."

We believe that A.R.S. § 42–204, as amended, is clearly not a codification of "the general rule on the subject." To hold that A.R.S. § 42–204, subsec. B applies only when taxing officials are rightfully proposing to extend an assessment on the tax rolls would completely frustrate the clear intent of the legislature. We hold, therefore, that the trial court did not err in holding that A.R.S. § 42–204, as amended, was intended to bar the subject action.

We now address ourselves to the question of the constitutionality of such a statute as is herein involved. If, as plaintiffs contend, the effect of the statute is to extinguish all right to relief, we would agree that such is unconstitutional, since a state may not deprive an individual of all right to redress. 16 Am.Jur.2d Constitutional Law § 424; Brinkerhoff-Faris Trust & Savings Company v. Hill, 281 U.S. 673, 50 S.Ct. 451, 74 L.Ed. 1107 (1930).

Every legislative act is presumed constitutional, and every intendment must be indulged in by the judiciary in favor of the validity of such acts. McKinley v. Reilly, 96 Ariz. 176, 393 P.2d 268 (1964); Austin v. Campbell, 91 Ariz. 195, 370 P.2d 769 (1962); State v. Krug, 96 Ariz. 225, 393 P.2d 916 (1964).

In other states, the constitutionality of statutes denying remedy by injunction against illegal or excessive taxes has been upheld. E. g., Casco Co. v. Thurston County, 163 Wash. 666, 2 P.2d 677, 77 A.L.R. 622 (1931); Long v. Norman, 289 F. 5 (1 Cir. 1923); Burrill v. Locomobile Company, 258 U.S. 34, 42 S.Ct. 256, 66 L.Ed. 450 (1922); Eddy v. Township of Lee, 73 Mich. 123, 40 N.W. 792 (1888); Montana Ore Purchasing Co. v. Maher, 32 Mont. 480, 81 P. 13 (1905); Darr v. Dawson County, 93 Neb. 93, 139 N.W. 852 (1913); Raleigh & G. R. Co. v. Lewis, 99 N.C. 62, 5 S.E. 82 (1888); National Loan and Exchange Bank of Greenwood v. Jones, 103 S.C. 80, 87 S.E. 482 (1915); Black v. Geissler, 58 Okl. 335, 159 P. 1124 (1916).

Plaintiffs state their claim of "no other adequate remedy"[3] upon the decisions of the Supreme Court of Arizona in Valley Nat. Bank of Phoenix v. Apache County, 57 Ariz. 459, 114 P.2d 883 (1941); McCluskey v. Sparks, 80 Ariz. 15, 291 P.2d 791 (1955); Southern Pacific Company v. Cochise County, 92 Ariz. 395, 377 P.2d 770 (1963). Both in *McCluskey*, supra, and in *Southern Pacific*, supra, the court held that § 73–419, Code of 1939, (now A.R.S. § 42–245) and § 73–110, Code of 1939 (now A.R.S. § 42–146), provide no relief in a situation of systematic discrimination such as presented here.

Valley Nat. Bank of Phoenix v. Apache County, supra, permitted a suit under § 73–841, Code of 1939, the predecessor to A.R.S. § 42–204, when the allegation of illegality was that the various counties had assessed the plaintiff's property so high that the total valuations fixed on its property throughout the state exceeded the total value of its common stock, as fixed by the State Board of Equalization. The court held the case involved a matter of "apportionment" not "amount of assessment" (57 Ariz. 467, 114 P.2d 883). Both in Valley Nat. Bank, supra, and Southern Pacific, supra, there were statements that when the "amount of assessment" is the question, A.R.S. § 42–146 and A.R.S. § 42–245 are the "exclusive" remedy. Plaintiffs now claim that theirs is an "amount of assessment" case, and that the "exclusive" statutory remedies being inadequate, the prohibition against injunctive relief is, therefore, unconstitutional.

In Southern Pacific, supra, the contention was made by the defendants (taxing authorities) that the claim for relief there presented was an "amount of assessment" case. This was answered by our Supreme Court:

> "Thus, while superficially it would appear that appellant's complaint is with the 'amount of its assessment', the issue presented actually encompasses a broader sweep." 92 Ariz. at 399, 377 P.2d 773.

---

[3.] Quotes from page eight of Appellants Opening Brief.

In the same case, the court recognized that though there is no common law action for recovery of taxes, citing Stanley v. Board of Sup'rs of County of Albany, 121 U.S. 535, 7 S.Ct. 1234, 30 L.Ed. 1000 (1887), this taxpayer in the future should be permitted to follow *statutory* remedies in recovering taxes when systematic discrimination is practiced by taxing officials:

" * * * from and after the taxable year in which the superior court enters injunctive relief appellant may *pursue the statutory remedies for recovery of taxes* occasioned by any further misapplication of the law to the assessment of its property." (Emphasis added) 92 Ariz. at 407, 377 P.2d at 779.

Although the court's opinion does not reflect whether or not the taxing officials challenged the propriety of equitable relief on the ground that a legal remedy was available pursuant to A.R.S. § 42–204, it is apparent from the above language that the court was cognizant of the refunding statute and its availability as a remedy to a taxpayer aggrieved by discriminatory assessment practices.[4]

It was stated in Yuma Co. v. Arizona and Swansea R. R. Co., 30 Ariz. 27, 31, 243 P. 907 (1926), and reiterated in Valley Nat. Bank of Phoenix v. Apache County, 57 Ariz. 459, 114 P.2d 883 (1941), in regard to the predecessor of the subject statute that:

" * * * we believe the Legislature intended [by this statute] to give the taxpayer the right to test the validity of the tax upon any ground upon which he has not had an opportunity to be heard under other provisions of the law." 30 Ariz. at 31 and 32, 243 P. at 909.

▉▉▉▉ We believe that under these various pronouncements of our Supreme Court, taxes collected upon assessments which are discriminatorily excessive by reason of systematic and intentional practices are "illegally collected"; and, if paid under protest, may be recovered under A.R.S. § 42–204, subsec. C. In so holding, we reject the plaintiffs' contention that the often-reiterated requirement for equitable relief, that there be "no adequate remedy at law," is the same as that for declaring a statute such as the one under discussion unconstitutional. This is the dilemma upon the horns of which the plaintiffs contend the solution of this case is impaled—that if remedies at law were so inadequate as to permit equitable relief in McCluskey and Southern Pacific, supra, then they are so inadequate as to prevent the legislature from blocking equitable relief.

We insist upon going between the horns of this dilemma. The test is not the same. The "adequate remedy at law" test is one postulated by the chancellors for their own guidance during the long period of controversy with the common-law judges. 27 Am.Jur.2d Equity § 86, p. 609. There are large areas of discretion inherent in this test. 27 Am.Jur.2d Equity § 87, pp. 609–611; 30 C.J.S. Equity § 25, pp. 824–832. There is normally no frustration of legislative intent involved in such an exercise of discretion.

Contrariwise, once the legislature has clearly spoken, as here, forbidding the particular injunctive relief, we believe such legislation should be stricken down by the court only when a person has been deprived "of all existing remedies for the enforcement of a right," Brinkerhoff-Faris Trust & Savings Company v. Hill, 281 U.S. 673, 682, 50 S.Ct. 451, 454, 74 L.Ed. 1107, 1114 (1930). There being a legal remedy available to the plaintiffs under the refunding statute, A.R.S. § 42–204, as amended, we hold that amendment

---

4. See also dissenting opinion of Vice Chief Justice Bernstein in Cochise County v. Southern Pacific Company, 99 Ariz. 385, 409 P.2d 549 (1966), wherein it was stated:
    "A.R.S. § 42–204, Subsec. C entitles a taxpayer to recover any excess tax illegally collected. I contend the taxing authority acts illegally when it violates the express, mandatory provision of an applicable statute." 99 Ariz. at 399, 409 P.2d at 559.

to A.R.S. § 42–204 adopted in 1964 is constitutional.

In so holding, we do not presume to pass upon the availability of injunctive relief for complaining taxpayers seeking comprehensive equitable relief to correct an entire tax structure founded upon discriminatory assessing practices, as has been granted in other states. E. g., Switz v. Township of Middletown, 40 N.J.Super. 217, 122 A.2d 649 (1956); Village of Ridgefield Park v. Bergen Co. Bd. of Tax., 31 N.J. 420, 157 A.2d 829 (1960); Bettigole v. Assessors of Springfield, 343 Mass. 223, 178 N.E.2d 10 (1961); Russman v. Luckett, 391 S.W.2d 694 (Ky.1965); Coan v. Board of Assessors of Beverly, 211 N.E.2d 50 (Mass.1965).

In accordance with the views herein expressed, the trial court's order denying a preliminary injunction is hereby affirmed.

KRUCKER, C. J., and HATHAWAY, J., concurring.