464 P.2d 367

TRANSPORT WORKERS UNION, LOCAL 502, AFL–CIO, D. H. Tracy, Gary McCormick, Robert Lane, Jack Derby, John Doe I through 10 inclusive and Jane Doe I through 10 inclusive, Appellants,

v.

TUCSON AIRPORT AUTHORITY, INC., a corporation, Appellee.

No. 2 CA–CIV 754.

Court of Appeals of Arizona.

Division 2.

Jan. 19, 1970.

Ira Schneier, Tucson, for appellants.

Bilby, Thompson, Shoenhair & Warnock, P. C., by W. E. Dolph, Tucson, for appellee.

HATHAWAY, Judge.

The Transport Workers Union, Local 502, AFL–CIO, was engaged in a strike with American Airlines, Inc., a subtenant of the Tucson Airport Authority. The Union placed one picket on the sidewalk outside the American Airlines ticket office on the upper ramp of the Airport Terminal. On March 10, 1969, the Airport Authority sought an injunction prohibiting the Union from further picketing. A restraining order was issued and an injunction bond was posted, expressly conditioned " * * * for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained." Rule 65(e), as amended, A.R.C.P., 16 A.R.S.

Before the hearing on the order to show cause why the Union should not be enjoined, on March 17, 1969, a motion to quash and dissolve the restraining order was made on the basis that the Airport was subject to public use, and the matter was pre-empted by the National Labor Relations Act. This motion was not granted, evidence was heard, the temporary restraining order was kept in effect " * * * until such time as the court can rule upon the Preliminary Injunction, * * * " and the matter was taken under advisement. By minute entry on April 3, 1969, and later order, the court denied the Union's motion to quash and dissolve, and concluded that " * * * in view of the settlement of the labor dispute between the defendants and American Airlines, Inc." the restraining order was no longer to remain in effect. The Union was thus prevented from presenting evidence of its damages.

On July 9, 1969, this court denied the Union's petition for a Writ of Certiorari or Writ of Mandamus "It appearing to this court that the order * * * is appealable under A.R.S. Sec. 12–2101E, as amended."

At the outset of this appeal, the Airport Authority challenges the appealability of the order, stating that since the lower court has not held a final hearing nor rendered a final judgment on the issue of whether a permanent injunction should be granted, an appeal does not lie.

We disagree with the Airport Authority's conclusions. While in a general situation the right to appeal may require waiting for a decision on the granting of the permanent injunction, Connell v. DuLien Steel Products, Inc. (1957, CA5 La.) 240 F.2d 414, here, by finding the matter moot, the trial court has for all practical purposes effectively put an end to the litigation.

A.R.S. § 12–2101, subsec. F, par. 2, as amended, states that an appeal may be taken from an order "Granting or dissolving an injunction, or refusing to grant or dissolve an injunction, * * *."

In Drachman v. Jay, 4 Ariz.App. 70, 417 P.2d 704 (1966), which involved an appeal from an order dissolving a temporary restraining order and denial of a petition for a preliminary injunction, the question of appealability of such an order under A.R.S. § 12–2101, subsec. F, par. 2 was challenged, the appellees contending that language in the order denying the preliminary injunction was "verbiage without meaning." This court stated:

"An order 'granting or dissolving an injunction' is an appealable order. * * A temporary restraining order is a species of an injunction. * * * However, we refuse to commit ourselves in this case as to whether an appeal from an order dissolving a temporary restraining order alone would be appealable. We consider the order refusing a preliminary injunction to be in no sense 'verbiage without meaning' and hold this matter to be properly before us as an appeal from this order." 4 Ariz.App. at 72, 417 P.2d at 706 (Citations omitted)

Here the order appealed from not only denied the Union's motion to quash and dissolve the temporary restraining order, but also in effect denied the preliminary injunction. In Bulova Watch Company v. Super City Department Stores of Arizona, 4 Ariz.App. 553, 422 P.2d 184 (1967), which involved an appeal from the denial of a preliminary injunction, the court stated: "An appeal may be taken from an order granting or refusing to grant an injunction at any stage of the case in which application for the injunction is made." 4 Ariz.App. at 555, 422 P.2d at 186.

It would appear that on the reasoning of the above cases that an appeal may be taken in this case. There are other bases for this decision however. The Airport Authority concedes in their brief that under Rule 65(d),[1] as amended, the temporary restraining order could not have been extended beyond March 30, 1969. However, by refusing to grant the Union's motions and ordering the restraining order to remain in effect until the lower court could rule upon it, the restraining order was actually effective until April 3, 1969 when the minute entry was made denying the motion to quash and concluding that the matter was moot.

In Missouri-Kansas-Texas R. Co. v. Randolph, (1950, CA8 Mo.) 182 F.2d 996, the court held that a restraining order which continued in effect after a motion to dissolve was made became a temporary injunction and was thus appealable. In Harris v. Gibson (1963, CA5 Ga.) 322 F.2d 780, certiorari denied 376 U.S. 908, 84 S.Ct. 661, 11 L.Ed.2d 606, the court held that a lower court's order which continued a temporary restraining order in force " * * * was, in effect, the granting of a preliminary injunction." 322 F.2d at 781. And in 19 A.L.R.3d at 425 it is stated that "Under statutes or Rules permitting an appeal from

---

1. Rule 65(d) provides in part that every restraining order " * * * shall expire by its terms within such time after entry, not to exceed 10 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a *like period* * * *." (Emphasis added)

orders pertaining to injunctions, where the practical effect of an order granting, continuing, or refusing to dissolve a temporary restraining order is deemed to be that of an injunction, it may be held appealable regardless of its designation." See also the annotations "Appealability of Order Granting, Extending or Refusing to Dissolve Temporary Restraining Order," 19 A.L.R.3d 403, and "Appealability of Order Refusing to Grant or Dissolve Temporary Restraining Order," 19 A.L.R.3d 459.

■■ Moreover, by finding the matter moot the trial court, we believe, affected a substantial right of the Union which would place it in an "aggrieved" status. In Liner v. Jafco, 375 U.S. 301, 84 S.Ct. 391, 11 L.Ed.2d 347 (1964), the U.S. Supreme Court faced a situation similar to the one before us. There, an injunction against picketing on a construction site was granted by the trial court. Pending appeal, construction at the site was completed. The State Court of Appeals affirmed the granting of the injunction, noting that the matter had become moot. The U.S. Supreme Court, in response to the contention that the matter was moot, stated:

"The petitioners plainly have 'a substantial stake in the judgment * * *,' Fiswick v. United States, 329 U.S. 211, 222, 67 S.Ct. 224, 230, 91 L.Ed. 196, which exists apart from and is unaffected by the completion of construction. Their interest derives from the undertaking of respondent Jafco, Inc., in the injunction bond to indemnify them in damages if the injunction was 'wrongfully' sued out." 84 S.Ct. at 394.

Not only has the Union pressed from the beginning of this case a federal right that the matter was pre-empted by the National Labor Relations Act, as was done in Liner v. Jafco, but additionally the Union contends the trial court in issuing the restraining order and then letting it continue in effect beyond the period permitted by Rule 65(d) has violated their right of free speech under the First and Fourteenth

Amendments to the U.S. Constitution. Considering all the circumstances present here, we conclude that this matter is properly appealable. Local No. 438, Construction & General Laborers' Union v. Curry, (1963), 371 U.S. 542, 83 S.Ct. 531, 9 L.Ed. 2d 514; State v. Birmingham, 95 Ariz. 310, 390 P.2d 103, rehearing 96 Ariz. 109, 392 P.2d 775 (1964).

We shall first consider the Union's contention that the trial court was pre-empted from considering this matter because it was arguably within the scope of the National Labor Relations Act. The U.S. Supreme Court in San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959) held:

"When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield. To leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law. Nor has it mattered whether the States have acted through laws of broad general application rather than laws specifically directed towards the governance of industrial relations. Regardless of the mode adopted, to allow the States to control conduct which is the subject of national regulation would create potential frustration of national purposes." 79 S.Ct. at 779.

The Supreme Court said the test to be applied to determine if the state courts were pre-empted was that:

"When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board * * *." 79 S.Ct. at 780.

The Supreme Court added:

"State jurisdiction has prevailed in these situations (conduct marked by violence and imminent threats to the public order) because the compelling state interest, in the scheme of our federalism, in the maintenance of domestic peace is not overridden in the absence of clearly expressed congressional direction." 79 S. Ct. at 781.

These pronouncements by the Supreme Court have been applied in Arizona in Oss v. Birmingham, 97 Ariz. 242, 399 P.2d 655 (1965). And see United Association of Journeymen, etc. v. Marchese, 81 Ariz. 162, 302 P.2d 930 (1956).

The record here discloses no showing of violence or imminent threats to public order. Although the complaint requesting injunctive relief alleged violence, at the proceeding on the petition for the preliminary injunction and order to show cause, counsel for the Airport Authority in his opening statement said:

"We are not alleging that these people were violent or caused any physical altercation during the period that they were picketing. That is not part of our allegation. We do believe that their mere presence there as pickets has inherent in it the possibility that such things might arise, but nothing of that sort, we will offer no evidence that that has occurred and that is not the basis of our action for an injunction."

There likewise has been no showing that this case presents a problem of compelling state interest. San Diego Building Trades Council v. Garmon, supra.

▮ The only contention offered by the Airport Authority to indicate that this matter is not pre-empted by the N.L.R.A. is the contention that they were not directly involved in a labor dispute with the Union, and that the only dispute was between the

Union and American Airlines, Inc. It has been held, however, that picketing of a business enterprise cannot be prohibited solely on the ground that it is conducted by persons not employees whose purpose is to discourage patronage of the business. Amalgamated Food Employees Union Local 590 v. Logan Valley Plaza, Inc., 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1968); A.F.L. v. Swing, 312 U.S. 321, 61 S.Ct. 568, 85 L.Ed. 1145 (1941). And see Plumbers, Etc., Local 298 v. County of Door, 359 U.S. 354, 79 S.Ct. 844, 3 L.Ed.2d 872 (1959) wherein it was held that a county, not being directly involved with picketing of a non-union contractor, was not entitled to a state court injunction prohibiting such picketing because the matter was within the jurisdiction of the National Labor Relations Board.

▮ We also note that our acceptance of the Airport Authority's position would effectively shield all the businesses on the Airport's premises from the purpose of the National Labor Relations Act and would thus destroy one of labor's most vital weapons. We do not believe the Airport Authority is entitled to an injunction on this basis alone, allowing its subtenants, which include in addition to various common carriers, a barber shop, bank, restaurant, gift shop, custom broker, car rental agencies, parking lot operator, motel and restaurant, to deny the unions one of their rights of collective bargaining.

▮ Believing this matter is arguably subject to the jurisdiction of the National Labor Relations Board under Section 7 of the National Labor Relations Act,[2] we remand this matter to the lower court with directions that its order be set aside and directions to grant the Union's motion.[3]

HOWARD, C. J., and KRUCKER, J., concur.

---

2. Sec. 7. Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other

concerted activities for the purpose of collective bargaining or other mutual aid or protection, * * *."

3. We also believe a substantial question is presented in this case that the Union's

freedom of speech under the First and Fourteenth Amendments to the U. S. Constitution has been violated. Amalgamated Food Employees Union Local 590 v. Logan Valley Plaza, Inc., 391 U.S. 308, 88 S.Ct. 1601, 20 L.Ed.2d 603 (1968). Because of our disposition of this case, we do not find it necessary to consider this question.