466 P.2d 801

R. RICE et al., Appellants,

v.

TUCSON TRANSIT CORPORATION, a corporation, Appellee.

No. 2 CA–CIV 658.

Court of Appeals of Arizona, Division 2.

March 12, 1970.

Edward I. Kennedy, Tucson, for appellants.

Holesapple, Conner, Jones, McFall & Johnson, by A. O. Johnson, Tucson, for appellee.

HATHAWAY, Judge.

On June 5, 1968, the Tucson Transit Corporation filed a lawsuit praying for a permanent injunction to enjoin the appellants from continuing certain alleged unfair labor practices. An *ex parte* temporary restraining order was issued and a bond in the amount of $2,000 was posted.

On June 19, 1968, appellants filed a "Motion to Dismiss Complaint, Dissolve Restraining Order and to Grant Costs and Damages against Surety." The court reserved ruling on the motion until evidence was heard on the matter. July 8, 1968 was set as the time for taking evidence from both parties.

On July 8, 1968, counsel stipulated that subsequent to the dissolution of the *ex parte* restraining order by operation of law on June 19th, there had been no violence or threats of violence by appellants against the appellee. See Transport Workers Union v. Tucson Airport Authority, Inc., 11 Ariz.App. 296, 464 P.2d 367 (2 CA–Civ 754 filed January 19, 1970). On the basis

of the stipulation the court denied the appellee's application for an injunction pendente lite. Appellee immediately renewed its application and the court reserved its ruling thereon, pending the taking of evidence. The court stated that appellants' damages was the only real issue and accordingly suggested that appellants go first. Counsel stipulated to this suggested procedure.

On July the 8th, 9th and 10th, evidence was adduced relevant to:

(a) the jurisdiction of the court in the first instance to issue the *ex parte* restraining order;

(b) the justification, if any, for the issuance of an injunction pendente lite;

(c) whether appellants violated the restraining order during and subsequent to its dissolution.

 On appeal, appellants ask:

"Can a trial court in an injunction proceeding require the injunction defendant to present evidence of damages arising out of a wrongfully issued restraining order before it is established that the court had no jurisdiction to issue the restraining order or that defendant was entitled to damages?"

After three days of trial and at the conclusion of argument, appellants' counsel requested leave to present evidence relating to damages. The request was denied by the court with the observation that the principal purpose for taking the evidence was to resolve the issue of damages and for that reason the parties had stipulated, upon the court's suggestion, that appellants go first.

The procedure followed appears to have been an expeditious approach to the problem in the posture it was posed to the court. The parties could have objected if displeased with the suggested procedure. In view of their stipulation, appellants cannot now be heard to complain.

Appellants next contend that notice to the surety that the court will or is about to assess damages is a jurisdictional prerequisite to the court hearing damages under A.R.C.P. 65.1, 16 A.R.S. It is argued that the rule imposes a mandatory requirement, not only affording the surety an opportunity to participate and protect its interests, but also serving as notice to the party seeking damages to prepare and present evidence of damages.

It may be that if evidence of damage had been presented without such notice, the order could not have been enforced against the surety. That, however, is not the question here. The appellants were before the court on their own motion to assess damages. The parties indicated their readiness to proceed after the court pinpointed that the issue to be determined was damages. The obligee on the bond is entitled to proceed against the principal only without recourse against the surety. If appellants desired to preserve their rights against the surety, they should have seen to it that the required notice was given.

Judgment affirmed.

HOWARD, C. J., and KRUCKER, J., concur.